02-09-364 & 365 & 366-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NOS. 02-09-00364-CR
           02-09-00365-CR
           02-09-00366-CR

 

 


 
 
 DARRYON M. THOMAS
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Darryon M. Thomas was
indicted on five counts of aggravated robbery in trial court cause number
1156022D (appellate cause number 02-09-00364-CR), five counts of aggravated
robbery in trial court cause number 1102916D (appellate cause number 02-09-00365-CR),
and one count of aggravated robbery in trial court cause number 1103886D (appellate
cause number 02-09-00366-CR).  He made
open pleas of guilty in each case and asked the trial court to assess
punishment.  The trial court found him
guilty and assessed forty-five years’ confinement in each case, to be served
concurrently. 

          Thomas’s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  Counsel’s brief and motion
meet the requirements of Anders v.
California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave Thomas an opportunity to file a pro
se brief, and he has done so, arguing that he received ineffective assistance
of counsel because he could have had fifteen years’ confinement if his lawyer
had not taken advantage of his youth and ignorance “about the system.”  Specifically, he appears to attack the
voluntariness of his pleas.[2]  The State declined to file a brief.

          Once an appellant’s court-appointed
attorney files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the
record.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922–23
(Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See
Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Thomas
entered open pleas of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Thomas’s pleas,
error that is not independent of and supports the judgments of guilt, and error
occurring after entry of the guilty pleas. 
See Monreal v. State, 99
S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

          We have carefully reviewed the record,
counsel’s brief, and Thomas’s ineffective assistance of counsel claim.  We agree with counsel that this appeal is wholly
frivolous and without merit; we find nothing in the record that might arguably
support the appeal.[3]  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684,
685 n.6 (Tex. Crim. App. 2006).  Accordingly,
we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

 

PANEL:  
 
 
 
 
 
 
 MCCOY, 
 
 
 
 
 
 WALKER, and 
 
 
 
 
 
 MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]Thomas
complains that his attorney “talked [him] into doing an open plea” because his
attorney allegedly told him that the trial judge owed him a favor “for things
he did for her under the table.”  Nothing
in the record supports this allegation.





[3]We
find nothing in the record to support Thomas’s allegation of ineffective
assistance that would render his plea involuntary—particularly in light of the
written plea admonishments that he received in each case, as well as the trial
court’s oral admonishments at the plea hearing—and we note that ineffective
assistance claims are usually best addressed by a postconviction writ of habeas
corpus.  See Thompson v. State, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App.
1999); Ex parte Torres, 943 S.W.2d
469, 475–76 (Tex. Crim. App. 1997).